# McCarron & Diess

| | | |
|---|---|---|
| Stephen P. McCarron△<br>Louis W. Diess, III¤△<br>Mary Jean Fassett△<br>Kate Ellis¤△<br>Blake A. Surbey¤△<br>Gregory A. Brown¤ | 4530 Wisconsin Avenue, N.W., Suite 301<br>Washington, DC 20016<br>(202) 364-0400   FAX (202) 364-2731<br><br>707 Walt Whitman Road, 2nd Floor<br>Melville, NY 11747<br>(631) 425-8110   FAX (631) 425-8112 | Focusing on Cases under<br>the Perishable Agricultural<br>Commodities Act (PACA)<br><br>¤ Not admitted in DC<br>△ Not admitted in NY |
| gbrown@mccarronlaw.com | *www.mccarronlaw.com*<br>*www.pacawebguide.com* | |

July 10, 2017

**VIA ECF ONLY**

Hon. William F. Kuntz, II
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Pioneer Growers Cooperative v. Elite Farms Inc.; Case No. 16-cv-3654 (WFK)(RLM)

Honorable Sir:

  We are the attorneys for plaintiff Pioneer Growers Cooperative ("Pioneer") in the above-referenced action.  This matter was before the Court on March 3, 2017 on the application to be relieved as counsel by former attorneys for defendants Stay Fresh Distributors Inc. ("Stay Fresh") and Jason A. Canals ("Canals") (collectively, the "Stay Fresh Defendants").  At the March 3rd hearing, the Court indicated that if Stay Fresh had not retained counsel by June 6, 2017, Pioneer should move for entry of default judgment against it.

  Neither of the Stay Fresh Defendants has retained new counsel in this action and, though I have tried to communicate with them, they have failed to participate in good faith in this litigation.  For example, Stay Fresh has failed to serve any response to Pioneer's May 17, 2017 request for production of documents served following Stay Fresh's 30(b)(6) examination.  Repeated follow-up emails to Canals have been ignored.  Moreover, it has come to my attention that on or about June 30, 2017, the United States Department of Agriculture barred the Stay Fresh Defendants from operating in the produce industry as a result of Stay Fresh's failure to pay a New Mexico produce supplier.  Therefore, it appears unlikely that the Stay Fresh Defendants have the means to retain new counsel, and Pioneer has no hope that they will suddenly join this litigation in good faith.

  Pursuant to Local Civil Rule 55.2(b) and your Honor's individual rules of practice, a motion for default judgment must be accompanied by a Clerk's Certificate of Default; however, as both the Stay Fresh Defendants filed an answer, the Clerk will not issue a Certificate of Default.  Therefore, it is respectfully requested that your Honor enter an order either: (1) authorizing Pioneer to move for default judgment against Stay Fresh without the need for the issuance of a Clerk's Certificate of Default, or (2) striking Stay Fresh's answer.  Alternatively, the Court can treat this letter application

Hon. William F. Kuntz, II
Page 2

as a motion for default judgment against Stay Fresh.  The basis for such a motion is that a corporate defendant cannot appear without the assistance of counsel, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983), Stay Fresh's counsel was terminated on March 3, 2017, Stay Fresh has not retained new counsel in that time and does not appear to be able to do so presently.

      Thank you for your attention to this matter.

                                       Respectfully yours,
                                       McCarron & Diess

                              By:   _____
                                       Gregory Brown

cc.:    Bruce Levinson (via ECF)
         Jason Canals (via email: stayfreshdistributors@gmail.com)

Case 1:16-cv-03654-WFK-RLM   Document 64   Filed 07/10/17   Page 2 of 2 PageID #: 294